948 F.2d 1281
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jacqueline ISAAC, Plaintiff-Appellant,
v.
James C. WALKER, Jr., Defendant-Appellee.
 No. 90-1174.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 18, 1991.
Decided Nov. 15, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CA-90-125-S)
 A. Palmer Ifill, Law Office of A. Palmer Ifill, for appellant.
 Daniel Leonard Shea, Brault, Graham, Scott & Brault, Rockville, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before WIDENER, MURNAGHAN and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Jacqueline Isaac appeals the district court's denial of her motion for a new trial after the jury returned a verdict for the defendant in this automobile accident liability suit. Because we find that the district court did not clearly abuse its discretion by denying Isaac's motion for a new trial, we affirm.
 
 
 2
 * Isaac filed this diversity suit against James C. Walker seeking tort damages under a negligence theory for injuries she allegedly sustained after she and Walker were involved in an automobile accident in Montgomery County, Maryland, in May 1989. During the November 1990 trial, the only eyewitness evidence presented on the issue of liability was conflicting testimony by Isaac and Walker concerning the circumstances surrounding, and the party responsible for, the accident. The only other testimony concerning liability came from Linder Jackson, who testified about admissions Walker supposedly made shortly after the accident. After the district court sent the case to the jury, the jury returned a general verdict for the defendant. Isaac then filed a motion for a new trial pursuant to Fed.R.Civ.P. 59. The district court denied the motion.
 
 
 3
 The district court has the authority to weigh the evidence and assess witness credibility when resolving a motion for a new trial; its ruling on any such motion will be reversed only for a clear abuse of discretion. Taylor v. Home Insurance Co., 777 F.2d 849, 855 (4th Cir.1985); see also Poynter v. Ratcliff, 874 F.2d 219 (4th Cir.1989) (review of district court's weighing of the evidence on a Rule 59 motion limited to the "most exceptional circumstances.") Here, the district court ruled that it was denying the motion for a new trial because of significant expert testimony which demonstrated that Isaac suffered no compensable personal injury arising from the accident. See B.N. v. K.K., 538 A.2d 1175 (1988) (actual injury is an element of negligence). The district court's order demonstrates that the district court, after weighing the evidence and assessing the credibility of the witnesses, decided to deny the motion for a new trial based on its finding that Isaac had not satisfied the injury element of the negligence cause of action. Although there was conflicting evidence on this element, the district court's ruling was amply supported by evidence in the record. Therefore, its denial of the new trial motion was not an abuse of discretion.
 
 II
 
 4
 In conclusion, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.